**Leah C. Lively,** WSBA #45889
**Alexandra M. Shulman,** WSBA #48888
**Buchalter, A Professional Corporation**
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| M&E STAFFING, LLC, an Arkansas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>REMARKABLE STAFFING, LLC, a Georgia limited liability company; and REGINE LESCOUFLAIR, a Georgia individual,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>JURY DEMAND |

## I.   INTRODUCTION

COMES NOW Plaintiff M&E Staffing, LLC, by and through its undersigned counsel, Buchalter, A Professional Corporation, and brings this action for breach of contract, tortious interference with contractual relations, civil conspiracy, and permanent injunction against Defendant Remarkable Staffing, LLC, alleging as follows:

## II.   PARTIES

1. Plaintiff M&E Staffing, LLC ("M&E") is an Arkansas limited liability company with its principal place of business at 217 W. Second Street, Suite 205, Little Rock, Arkansas 72002. M&E's members are citizens of Arkansas and Texas.

COMPLAINT - 1

2. Defendant Remarkable Staffing, LLC ("Defendant" or "Remarkable") is a Georgia limited liability company with its principal place of business at 3340 Peachtree Road NE, #1010, Atlanta, Georgia 30326. Upon information and belief, Remarkable's sole member, Jordan Joseph, is a citizen of Georgia.

3. Defendant Regine Lescouflair ("Lescouflair") is an individual. Upon information and belief, Lescouflair is a citizen of Georgia.

### III.  JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount at stake is more than $75,000.

5. This Court has personal jurisdiction over the parties because each conducts business in the State of Washington and within this district.

6. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in Spokane County, Washington.

### IV.  FACTUAL ALLEGATIONS

7. M&E is a travel nurse staffing agency that places travel nurses at client hospitals on short-term assignments. M&E expends significant time and resources during the placement process, including onboarding costs. The travel nurses are employees of M&E throughout their assignment. Often, the travel nurses choose to extend their assignments with M&E for one or more additional terms.

8. On or about May 12, 2022, M&E hired Lescouflair as a travel nurse, and assigned to work at Eastern State Hospital ("Eastern State") in Spokane County, Washington, from May 23, 2022 to August 20, 2022. The terms of her assignment were memorialized in an Employee Confirmation, a true and correct copy of which is attached hereto as Exhibit A.

COMPLAINT - 2

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 73410555v2

9. Lescouflair's contract, called an "Employee Confirmation," includes a non-compete provision, which provides as follows:

> **Non-compete:** You agree that you will not during an assignment with a client and for a period of six (6) months following the introduction to, or completion of your assignment with a client, directly or indirectly: (a) seek or accept employment, or engagement as an independent contractor, by, or (b) perform any services while on the payroll of any other staffing firm for, any client to which you have been introduced or assigned by the Company, without the prior written consent of the Company. You agree and understand that the Company may condition its consent upon the payment of a fee or other compensation to the Company by the client.

10. Lescouflair's earnings with M&E in 2022, when annualized, exceed $107,301.04.

11. On July 27, 2022, M&E entered into a second Employee Confirmation to extend her assignment with M&E at Eastern State from August 21, 2022, to September 30, 2022. Lescouflair again agreed to be bound by the same non-compete provision.

12. On September 8, 2022, Lescouflair entered into a third Employee Confirmation with M&E to extend her assignment with M&E at Eastern State, from October 1, 2022, to December 17, 2022. Lescouflair again agreed to be bound by the same non-compete provision.

13. In or around September 2022, Remarkable began contacting M&E employees placed at Eastern State to recruit them for placement at Eastern State on behalf of Remarkable. Remarkable is a staffing company that, according to its website, is able to meet its client staffing needs "using creative recruiting campaigns tactics[.]"

14. When M&E learned that Remarkable was recruiting its employees, in early September 2022, Jasmine Waters, M&E's Owner and CEO, reached out to

COMPLAINT - 3

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 73410555v2

Remarkable's President, Jordan Joseph, to inform him that M&E's nurses are subject to a non-compete that prohibits them, for a period of six months, from working for Remarkable at Eastern State.

15. In response, Mr. Joseph assured Ms. Waters that Remarkable would not hire M&E employees to perform work at Eastern State.

16. Nevertheless, Remarkable persisted in its efforts to recruit M&E employees to work on its behalf at Eastern State.

17. Upon information and belief, Remarkable incentivized Lescouflair, while she was still employed by M&E, to contact M&E employees assigned at Eastern State to recruit them to work for Remarkable. On or about September 12, 2022, Lescouflair sent the following message to M&E employees placed at Eastern State:

> HELLO EVERYONE,
>
> THIS MESSAGE IS FOR THOSE WHO WANTED TO SWITCH TO REMARKABLE. IF THIS DOES NOT PERTAIN TO YOU PLEASE DISREGARD!
>
> I am compiling a list of those who wanted to switch to Remarkable and would like to continue to do so. I know those who worked with M&E received an email stating we could not and that information is false. **YOU CAN!** I know M&E had a deadline of 9/9, even if you replied and or signed the agreement, you can still switch to remarkable. I have the rates available if interested. You can switch from ANY agency since our contract is ending and we are NOT breaking our current contract and most of us is 9/30. The new contract has not started!
>
> Reply with your name, personal email, phone # so that I can add you to the list. PLEASE DO NOT REPLY ALL AS YOU WILL BE BOMBARDING EVERYONE ON THIS POST with an email.

Lescouflair was aware that these employees were subject a non-compete provision with M&E.

COMPLAINT - 4

18. On or about September 17, 2022, Lescouflair notified M&E that she was terminating her employment by email, stating, "To whom it may concern, We will not be moving forward with our extension. Our last day will be September 30th. Thank you." She did not disclose that she would be working for Remarkable at Eastern State.

19. Following Lescouflair's message and resignation, fifteen nurses (the "Former Employees"), all of whom M&E placed at Eastern State and were subject to the same non-compete provision as Lescouflair, terminated their employment with M&E and became employed by Remarkable at Eastern State. Most of them sent the same message—"9/30 will be my last day with M&E Staffing."

20. The Former Employees, like Lescouflair, had all signed new Employee Confirmations to extend their employment with M&E and placement at Eastern State through December 17, 2022. Like Lescouflair, they were subject to non-compete provisions that bar them from performing services at Eastern State while on Remarkable's payroll.

21. On October 11, 2022, M&E sent Remarkable a letter, reiterating that the employees it had hired were subject to non-compete provisions and placing Remarkable on further notice of its tortious interference with M&E's contractual relationship with the employees. Remarkable did not respond.

22. M&E also sent Lescouflair a letter on October 11, 2022, informing her that she was in violation of the non-compete provision and demanding that she cease performing services at Eastern State while on Remarkable's payroll. Lescouflair did not respond.

23. Upon information and belief, Lescouflair and the Former Employees remain employed by Remarkable and are continuing to perform services at Eastern State.

COMPLAINT - 5

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 73410555v2

24. As a result of Remarkable's and Lescouflair's conduct, M&E has suffered at least $1,315,080.00 in lost profits. The total extent of M&E's damages is to be determined at trial.

## V. CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS
## (AGAINST ALL DEFENDANTS)

25. M&E incorporates by reference its allegations set forth in the foregoing paragraphs as if fully set forth herein.

26. The Former Employees each have valid and enforceable contractual agreements with M&E, which include (among other things) post-employment restrictive covenant obligations prohibiting, for a period of six months, employment with a competitor at a hospital to which the employee was introduced or assigned by M&E.

27. Remarkable knew of these contractual obligations but nevertheless persisted in recruiting the Former Employees to work for Remarkable in violation of their contractual obligations.

28. Remarkable acted with an improper motive and utilized improper means in inducing the former employees to violate their contractual obligations with M&E.

29. As a direct and foreseeable consequence of Remarkable's interference, M&E has suffered significant financial loss and loss of goodwill in the healthcare industry.

## VI. CAUSE OF ACTION – BREACH OF CONTRACT
## (AGAINST LESCOUFLAIR)

30. M&E incorporates by reference its allegations set forth in the foregoing paragraphs as if fully set forth herein.

BUCHALTER
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

BN 73410555v2

31. As a condition of the commencement of employment with M&E, Lescouflair executed the Employee Confirmation.

32. The Employee Confirmation is a valid and enforceable contract that prohibits Lescouflair, for a period of six months following her employment with M&E, from seeking or accepting employment, or engagement as an independent contractor, by, or performing any services while on the payroll of any other staffing firm for, any client to which she has been introduced or assigned by M&E, without the prior written consent of M&E.

33. M&E has met all of its obligations to Lescouflair under the Employee Confirmation.

34. Lescouflair breached the non-compete provision contained in the Employee Confirmation by commencing employment with Remarkable, another staffing firm, assigned at Eastern State, the same hospital that M&E had assigned her to.

35. As a direct and proximate result of Lescouflair's actions in breach of the non-compete provision of the Employee Confirmation, M&E has sustained and/or will sustain damages.

## VII. CAUSE OF ACTION – CIVIL CONSPIRACY
### (AGAINST ALL DEFENDANTS)

36. M&E incorporates by reference its allegations set forth in the foregoing paragraphs as if fully set forth herein.

37. Remarkable and Lescouflair have engaged in a civil conspiracy to commit and cooperate in the commitment of the tortious activity described above. Remarkable and Lescouflair engaged in a plan or scheme to cause the Former Employees to breach their non-compete agreements with M&E by soliciting the

COMPLAINT - 7

Former Employees to change their employment to Remarkable and then assigning them to work at Eastern State.

38.   Remarkable and Lescouflair were aware of the impropriety of soliciting the Former Employees and that the Former Employees were subject to non-compete agreements.

39.   Remarkable and Lescouflair engaged in a plan, scheme, and conspiracy to harm M&E's business as described above.  As a direct and proximate result of Remarkable and Lescouflair's plan, scheme, and conspiracy to harm M&E, M&E has suffered and will continue to suffer significant financial loss and loss of goodwill in the healthcare industry.

## VIII. CAUSE OF ACTION – PERMANENT INJUNCTION
## (AGAINST ALL DEFENDANTS)

40.   M&E incorporates by reference its allegations set forth in the foregoing paragraphs as if fully set forth herein.

41.   Remarkable and Lescouflair have committed the tortious activity described above.  Additionally, as described above, Lescouflair has breached her contract with M&E.

42.   M&E will suffer irreparable harm, including, but not limited to, loss of employees, loss of goodwill and business reputation, and unknown economic loss, unless an order issues that enjoins Lescouflair from violating her contractual duties to M&E and/or aiding and abetting the same.

43.   M&E will likewise suffer irreparable harm, including, but not limited to, loss of employees, loss of goodwill and business reputation, and unknown economic loss, unless an order issues that enjoins Remarkable from employing current or former employees of M&E who are subject to non-competition covenants and assigning them to the same hospital M&E had assigned them to.

COMPLAINT - 8

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 73410555v2

44. M&E has no adequate remedy at law to protect its goodwill and business reputation.

45. The potential harm to M&E if Defendants are not enjoined is far greater than any harm Defendants may suffer if injunctive relief is not granted.

46. The public interest weighs in favor of granting injunctive relief.

## IX. PRAYER FOR RELIEF

Having fully set forth its Complaint, Plaintiff M&E Staffing, LLC respectfully requests the following relief:

1. An award of actual and compensatory damages in an amount to be proven at trial, including lost profits caused by Defendants' wrongful acts;

2. A permanent injunction enjoining and restraining Defendants as set forth in Paragraphs 42-43 above;

3. Pre-judgment and post-judgment interest;

4. For an award to Plaintiff of its attorneys' fees, costs, and expenses incurred as permitted by common law or statute; and

5. For such other and further relief as the Court may deem just and equitable.

DATED this 6th day of December, 2022.

BUCHALTER
A Professional Corporation

By: s/ Alexandra M. Shulman
Leah Lively, WSBA #45889
Email: llively@buchalter.com
Alexandra M. Shulman, WSBA #48888
Email: ashulman@buchalter.com
1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Plaintiff*

COMPLAINT - 9

BUCHALTER
1420 FIFTH AVENUE, SUITE 3100
SEATTLE, WA 98101-1337
TELEPHONE: 206.319.7052

BN 73410555v2

# M&E HEALTHCARE ENTERPRISES

## EMPLOYEE CONFIRMATION: TRAVEL ASSIGNMENT

**Employee name:** Regine Lescouflair

This confirmation sets forth the agreed hourly rate, scheduled hours and other special terms that apply to your assignment to the facility named below. Additional terms and conditions are contained in your Employee Agreement. Please verify the accuracy of the details listed below before signing. By signing this confirmation, you are committing to the assignment on the terms set out below. Please contact your Recruiter/Staffing Specialist if you have any questions.

**Client Hospital:** Eastern State Hospital  **Department:** Behavorial Health
**Street Address:** 850 Maple St
**City, State, Zip:** Medical Lake, WA 99022

**Assignment start/end date:** 5/23/22 - 8/20/22

**Shift:** NIGHTS
**Hours:** Contracted 48 hours per week guaranteed
**Hourly Taxed Rate:**
**Weekly Meal Stipend:**
**Weekly Lodging Stipend:**
**Total gross per week:**

Reimbursements: We reimburse flights and mileage to and from assignment, up to ▮▮. You are responsible for your own flight if you choose to end assignment early, or if canceled for poor performance and excessive tardiness by the facility.

Stipend is prorated according to shifts work. M&E Staffing pays out a daily lodging and meal stipend to employees on days when they are providing services on behalf of the Company.

**Overtime Rate:** After 40 hours per week rate is
**California only:** After 8 hours per day rate is: N/A.

**Floating:**
***Candidate agrees to float to like units/entities based on skill set for operational need.

**Call-ins:** 2 call-in's if on a 13 week assignment. 1 call-in if on a 8 week assignment. No call-ins are permitted for short rapid response assignments that are 0-4 weeks in duration. Excessive call in's by the employee will place employee at risk of assignment cancellation and drop the hourly rate for the week call-in occurred to the 24 hour rate.

24 hour rate for this assignment is: ▮▮ hour with full stipends.

**Payroll:** In order to receive payment, you must supply a signed, complete, legible and accurate time card each week (including holiday weeks) by <u>Sunday before 5:00 PM PST.</u> to PAYROLL@MESTAFFINGUSA.COM. Your recruiter and onboarding specialist will not be able to address payroll issues. In addition, all employees must adhere to the client's time reporting system. Failure to meet the above deadline or adhere to client time-reporting policies may delay or reduce the amount of the pay to which you would otherwise be entitled. M&E Staffing has a 0 tolerance policy for fraudulent time cards. Time cards are verified with the facility weekly

**Non-compete:** You agree that you will not during an assignment with a client and for a period of six (6) months following the introduction to, or completion of your assignment with a client, directly or indirectly: (a) seek or accept employment, or engagement as an independent contractor, by, or (b) perform any services while on the payroll of any other staffing firm for, any client to which you have been introduced or assigned by the Company, without the prior written consent of the Company. You agree and understand that the Company may condition its consent upon the payment of a fee or other compensation to the Company by the client. **Exhibit A**

Page 1 of 2

**Requirements*:** All credentials <u>must</u> be kept current throughout the assignment period.

**At Will Employment Relationship:** The employment relationship between you and M&E Staffing is an at will relationship. Accordingly, while M&E Staffing's goal is that each assignment will be completed in full, M&E Staffing does reserve the right to reassign you or terminate your employment without prior notice and without using the standards and disciplinary procedures described in the Employee Policy Manual. Neither this Agreement, nor the maintenance of policies or procedures by M&E Staffing, is intended to create a contract of employment. As such, you have the right to end your assignment at any time. M&E Staffing will initiate a <u>**90 day Do Not Hire**</u> cooling period to employee if 14 day notice isn't received prior to cancellation.

**Miscellaneous:** You confirm that:
- At all times while providing services to M&E Staffing, you will meet and comply with any applicable licensing requirements or the professional services you provide.
- Artificial nails are **NOT** allowed.
- Employee is responsible for completing a **missed meal / missed rest** form, with authorized signature if meal or rest break is missed, in order to be paid the 1 hour penalty mandated by the State of California.
- You have read and understand the Employee Safety Manual and the Employee Policy Manual that have been provided to you and will abide by the same.
- You will keep patient information confidential.
- You understand and will adhere to the policies and procedures of the client facility.
- You understand and agree to all the terms of your employment as outlined in the Travel Employee Agreement.

**Deductions:** If you do not complete the assignment, if the assignment is canceled by you without M&E Staffing/s consent after you sign this confirmation, or if the assignment is terminated by M&E Staffing or the client for unacceptable conduct or performance, you will be responsible for all out of pocket expenses incurred by M&E Staffing on your behalf in connection with this assignment (e.g. rent payments, flight, drug screen, background check). With your signature below, you authorize such deductions to be taken from paychecks or other amount due to you, to the fullest extent allowed by law. You will be held legally responsible for any monies owed that exceed the amounts deducted from such pay or other checks. By your signature below, you agree that M&E Staffing may deduct all such expenses from any paycheck or other amount due to you, to the fullest extent permitted by law.

Agreed by Employee Signature: *[DocuSigned by: R Lescouflair, 45A9D67374CB44C...]*

Date: 5/12/2022

Print Name: Regine Lescouflair

2

**Exhibit A**
**Page 2 of 2**