FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| M&E STAFFING, LLC, an Arkansas limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>REMARKABLE STAFFING, LLC, a Georgia limited liability company,<br><br>        Defendant. | No. 2:22-CV-00312-SAB<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

Before the Court is Plaintiff's Motion for Default Judgment, ECF No. 44. Plaintiff is represented by Alexandra Shulman and Leah Lively. Defendant has not filed a notice of appearance for substitute counsel. The motion was considered without oral argument.

**MOTION STANDARD**

Pursuant to Fed. R. Civ. P. 55(b)(1), a party can move for default judgment if a party "has failed to plead or otherwise defend" the action. Local Civil Rule 55(b) requires: (1) the party file a motion for entry of default and obtain an order of default from the clerk of court; and (2) the party file a motion for default judgment. Granting default judgment is left to the discretion of the court; it is not automatic.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** *1

*See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In reviewing the motion, a court shall consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## BACKGROUND

This case was filed on December 6, 2022. Plaintiff alleges claims against Defendant for tortious interference with contractual relations and civil conspiracy. It seeks a permanent injunction and monetary damages in the form of lost profits and in the amount of $1,315,080.00. Defendant initially made an appearance and filed an Answer to the Complaint.

Plaintiff is a travel nurse staffing agency that places employees at client hospitals for short-term assignments. In its Complaint, Plaintiff alleges Defendant, a competing staffing company, started contacting Plaintiff's employees working at Eastern State Hospital in Spokane, Washington, in or around September 2022 for recruitment purposes. It included a message sent by one of Plaintiff's former employees to other employees at Eastern State Hospital, stating:

> HELLO EVERYONE,
>
> THIS MESSAGE IS FOR THOSE WHO WANTED TO SWITCH TO REMARKABLE. IF THIS DOES NOT PERTAIN TO YOU PLEASE DISREGARD!
>
> I am compiling a list of those who wanted to switch to Remarkable and would like to continue to do so. I know those who worked with M&E received an email stating we could not and that information is false. YOU CAN! I know M&E had a deadline of 9/9, even if you replied and or signed the agreement, you can still switch to remarkable. I have the rates available if interested. You can switch from ANY agency since our contract is ending and we are NOT

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT *2**

> breaking our current contract and most of us is 9/30. The new contract has not started!
>
> Reply with your name, personal email, phone # so that I can add you to the list. PLEASE DONOT REPLY ALL AS YOU WILL BE BOMBARDING EVERYONE ON THIS POST with an email.

Despite alerting Defendant that its employees were subject to a six-month non-compete agreement and could not work at Eastern State Hospital if hired by Defendant, Plaintiff alleges Defendant continued to recruit Plaintiff's employees. In its Answer, Defendant denies it improperly recruited Plaintiff's employees.

On or about September 17, 2022, more than a dozen nurses working for Plaintiff at Eastern State Hospital resigned and started working for Defendant at the same hospital in violation of their non-compete agreement. Defendant admitted in its Answer that the noted former employees of Plaintiff continue to work for Defendant. Plaintiff then filed its Complaint.

On January 3, 2024, the parties conducted a mediation and resolved the case, as noted by counsel for Plaintiff and former counsel for Defendant, Geoffrey Swindler. Mr. Swindler contacted Defendant on numerous occasions about executing two documents to finalize the agreement, but Defendant did not sign the documents.

Mr. Swindler first requested the Court's permission to withdraw as counsel on February 1, 2024. The Court denied the request. He again requested leave to withdraw on February 14, 2024, because Defendant had terminated him as counsel. Mr. Swindler informed Defendant it could not as a corporation proceed without counsel, pursuant to LCivR 83.6. The Court granted Mr. Swindler's second request to withdraw on March 13, 2024, but Defendant failed to obtain substitute counsel and failed to respond to Court orders. The Court and Mr. Swindler made several attempts to contact Defendant.

Plaintiff now seeks an order for default judgment.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT *3**

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On June 4, 2024, the Clerk of Court entered a Clerk's Order of Default for Plaintiff. ECF No. 39. Pursuant to LCivR 55(b), Plaintiff now requests the Court enter default judgment against Defendant. In considering the motion, the Court looks next to the *Eitel* factors.

First, Plaintiff will suffer prejudice if the Court does not enter default judgment. Though Defendant made an initial appearance, filed an Answer, and participated in mediation that resulted in an agreement to resolve the case, Defendant has since failed to finalize the agreement or defend itself. Plaintiff has no other recourse than default judgment to recover its damages. *See PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. Dec. 27, 2002).

For the Second and Third factors, in its Complaint, Plaintiff alleges Defendant committed tortious interference with its contracts for its employees. Taking this Complaint as well-pleaded in its allegations, *see In re Visioneering Const.*, 661 F.2d 119, 124 (9th Cir. 1981), Plaintiff has shown it maintained non-compete clauses with its employees at Eastern State Hospital. In its Answer, Defendant admitted it employed Plaintiff's former employees at the hospital after September 2022. Though Defendant denied improperly hiring Plaintiff's former employees and denied knowledge of the non-compete clause, it incentivized an employee of Plaintiff to send the message encouraging Plaintiff's employees to join Defendant's company in violation of their non-compete. The merits and sufficiency of Plaintiff's Complaint weigh in favor of granting default judgment.

Fourth, the sum sought on default must be proportional to Defendant's actions. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008). Plaintiff retained expert Jennifer Murphy to assess its losses proportionate to Defendant's actions and calculated its lost profits through August 31, 2023, to a sum certain of $957,671.00. Plaintiff notes

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** *4

Defendant never served Plaintiff with expert disclosures or rebuttal expert reports regarding the losses. In relation to the seriousness of Defendant's conduct and the lost profits stemming from the violation of the non-compete clauses for the employees who transferred to Defendant, the Court finds the calculated sum to be proportionate. *See PepsiCo*, 238 F. Supp. 2d at 1176–77.

For the Fifth and Sixth factors, Defendant disputed in its Answer that it improperly hired Plaintiff's employees but admits it employed them during the six-month non-compete period in their contract with Plaintiff. Further, Defendant has had multiple opportunities to defend its actions and already resolved this issue through mediation. In firing its counsel, proceeding in violation of LCivR 83.6, and failing to reply to Court orders, it has abandoned its defense of this action. It is unlikely Defendant's failure to answer and the request for default is a result of "excusable neglect." *Gemmel*, 2008 WL 65604, at *5.

Finally, the Seventh factor favoring resolution on the merits is not dispositive. *PepsiCo*, 238 F. Supp. 2d at 1177; *see also Vawter v. Quality Loan Serv. Corp. of Wash.*, 2011 WL 1584434, at *6 (W.D. Wash. Apr. 27, 2011). Though Defendant filed an Answer, it failed to finalize its agreement noted in mediation, failed to hire new counsel after firing its counsel, failed to respond to Court orders, and failed to challenge the Clerk's Order of Default. Defendant made a "decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. When considered as a whole, the factors weigh in favor of granting the motion for default judgment.

Having considered the Rule 55 and LCivR 55 requirements, the *Eitel* factors, the case history, and the claims in the Complaint, the Court finds good cause to grant the motion for default judgment.

//
//
//

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT *5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Default Judgment, ECF No. 44, is **GRANTED**.

2. The Clerk of Court is directed to enter default judgment **against** Defendant and **in favor** of Plaintiff in the above-captioned matter in the total amount of $957,671.00.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel and Defendant at their last known address, and **close** the file.

**DATED** this 27th day of September 2024.



*Stanley A. Bastian* (signature)

Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** *6